UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GIOVANI M. BRITO-GUTIERREZ,　　　　　　　　CASE NUMBER:

　　　　　Plaintiff,　　　　　　　　　　　　　　　　DIVISION:

vs.

CITY OF TAMPA, a State of Florida
Municipal Corporation, and OFFICER
RICARDO "RICK" SEMENTILLI,
BADGE #29096, of the Tampa Police
Department, in his individual capacity,

　　　　　Defendants.
_____/

## COMPLAINT FOR DAMAGES
(Jury Trial Demanded)

Plaintiff, **GIOVANI M. BRITO-GUTIERREZ**, (hereinafter referred to as "BRITO") by and through the undersigned Counsel, sues the Defendants, **CITY OF TAMPA, a State of Florida Municipal Corporation,** (hereinafter referred to as "CITY"), and **OFFICER RICARDO "RICK" SEMENTILLI**, in his individual capacity (hereinafter referred to as "OFFICER SEMENTILLI"), and for his Complaint states:

### INTRODUCTORY ALLEGATIONS AND PARTIES

1. This action arises under 42 U.S.C. §§ 1983 & 1988 and Florida common law. Jurisdiction is founded on 28 U.S.C. §§1331 &1343, and Plaintiff relies on this Court's supplemental jurisdiction over the state law claims as provided by 28 U.S.C. §1367.

2. This Court has jurisdiction as the actions giving rise to the Complaint occurred in Hillsborough County and the matter in controversy exceeds the jurisdictional minimum of this Court.

All conditions precedent including compliance with Florida Statue 768.28 via service on the City of Tampa on October 9, 2003, have been performed or waived. There is no administrative exhaustion requirement regarding plaintiff's civil rights claims under 42 U.S.C. § 1983.

3. Venue is proper in Hillsborough County as Defendants are located, and all acts addressed are located, in the venue giving rise to claims that occurred in this County. Venue is thus proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. §1319(b) and Local Rule 1.02(b)(4).

4. Plaintiff, BRITO, at all times material, was a citizen of the United States and a resident of the State of Florida.

5. Defendant, CITY, is A Florida municipal corporation located in Hillsborough County, and organized and existing under the law of the State of Florida. In this cause CITY was legally authorized to operate, supervise, train, and discipline all police officers in the police department in accordance with Florida's law and Constitution and Federal law and the United States Constitution and acted through its agents, employees, and servants, including Defendant, OFFICER SEMENTILLI andothers.

6. The individual Defendant, OFFICER SEMENTILLI, at all times material was employed as an Officer with the CITY and its Tampa Police Department and was acting in the course and scope of his employment and under color of law at all times material, unless otherwise stated. This officer is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

7. On or about September 22, 2002, BRITO was in Ybor City with his girlfriend Gabriella Alvarado. At approximately 2:30 am BRITO and Alvarado left the night club Masquerades as they were going home. As they left, they saw members of the Tampa Police Department gathering to

disperse a fight across the street. A large crowd was present for all of the events set forth below.

8. Officer Michael Kochum, a horseback officer of the Tampa Police Department grabbed Yoheyni Brito, BRITO's sister, by the back of her hair from his horse and screamed at her to leave.

9. BRITO went to inquire as to Officer Kochum's cause for grabbing his sister when he was attacked by OFFICER SEMENTILLI.

10. OFFICER SEMENTILLI, a corporal at the time serving in an acting capacity as the supervisor of the Ybor City Street Anti-Crime Unit, had been a member of the Tampa Police Department for approximately 21 years at the time of BRITO's arrest. He was as a member of the Mass Incident Response Team. He had training in civil riot control and armed defense courses.

11. BRITO was unarmed when attacked by OFFICER SEMENTILLI.

12. OFFICER SEMENTILLI is intimately familiar with the standard operating procedures of the Tampa Police Department.

13. OFFICER SEMENTILLI at one point had both his asp in his right hand and his O/C spray in his left. He swung repeatedly at BRITO and sprayed him multiple times. OFFICER SEMENTILLI's blows were so violent they forced BRITO across the street as BRITO raised his arms in self defense to deflect the overhead blows landed by OFFICER SEMENTILLI. OFFICER SEMENTILLI feels he used a lot less force than he should have.

14. OFFICER SEMENTILLI failed to give verbal commands for BRITO to submit to his authority as he repeatedly clubbed BRITO.

15. OFFICER SEMENTILLI struck BRITO as BRITO retreated and begged for OFFICER SEMENTILLI to stop. Eventually, BRITO fell face down on the pavement where OFFICER SEMENTILLI continued to strike BRITO with his asp in BRITO's back.

16. OFFICER SEMENTILLI breached the standard operating procedures of the Tampa

Police Department when he struck BRITO with his asp while BRITO laid defenseless on the ground. OFFICER SEMENTILLI can not name any officer he was trying to protect from any alleged aggression shown by BRITO.

17. At the time of BRITO's arrest he weighed approximately one hundred sixty pounds and OFFICER SEMENTILLI weighed approximately three hundred and five pounds.

18. OFFICER SEMENTILLI injured BRITO without just cause and excessive force when he attacked BRITO utilizing an impact weapon known as an asp followed by a chemical agent known as O/C spray followed by excessively rigorous handcuffing.

19. OFFICER SEMENTILLI assumed BRITO was intoxicated when he dealt with him but collected no evidence and made no observations substantiating his assumption.

20. BRITO was so severely beaten by OFFICER SEMENTILLI, that Hillsborough County Sheriff's deputies manning a paddy wagon refused to accept him for transport to the county jail.

21. BRITO suffered serious injuries including but not limited to a fractured right ulna, severe body bruising on his back, arms, and face, cuts, and lacerations.

22. BRITO suffered nasal discharge, vomiting, coughing, trouble breathing, abdominal pain, loss of bodily functions, and other symptoms in response to being sprayed with O/C by OFFICER SEMENTILLI.

23. OFFICER SEMENTILLI failed to secure appropriate and/or adequate medical treatment for BRITO.

24. OFFICER SEMENTILLI concluded his investigation by delivering a notice to appear to court on October 14, 2002, for arraignment on the charge of opposing a police officer and resisting arrest without violence both in violation of Florida Statutes, Section 843.02 whereafter OFFICER SEMENTILLI removed BRITO's handcuffs and abandoned BRITO in the street.

25. The arrest of GIOVANI M. BRITO-GUTIERREZ was wrongful and was made without probable cause.

26. At the time of his arrest for opposing a police officer and resisting arrest without violence there was insufficient evidence to allow a reasonable and prudent officer to believe that there was probable cause to arrest BRITO.

27. Ultimately BRITO was found not guilty of the charges by a jury in county court on September 12, 2003, in the matter of <u>State of Florida v. Giovani Brito-Guierrez</u>, Case #02-419331.

28. At the time of arrest of BRITO the facts and circumstances within the knowledge of the CITY, in which he and his fellow officers knew and had reasonable opportunity to know, made it obvious that BRITO did not commit these crimes.

29. At the time of the arrest of GIOVANI M. BRITO-GUTIERREZ, the information known to the CITY and to his officers was insufficient to warrant a man of reasonable caution in the belief that BRITO had been or was committing any offense for which he could be arrested.

30. The beating and wrongful arrest of BRITO by the CITY through its officers, was completed in front of and seen by family, friends and the general public present that evening in Ybor City causing him great emotional, mental and physical pain.

31. In conjunction with BRITO's arrest, Defendant, OFFICER SEMENTILLI, prepared police reports for submission to prosecuting authorities which contained materially false statements and material omissions, and were relied upon by prosecuting authorities for the filing of a criminal charge against plaintiff.

32. At all times material hereto, Defendant, OFFICER SEMENTILLI, knew that his police report would be submitted to prosecuting authorities and would be relied upon by prosecuting

authorities for the filing of criminal charges against plaintiff.

33. The police report prepared by Defendant, OFFICER SEMENTILLI, for submission to prosecuting authorities stated in pertinent part:

> CRA: Def. was told to leave the area during a large fight with the police. Def. refused to move and as I approached him to arrest him he went into a fighting stance and started throwing punches at the Affiant. I deployed my asp baton and started striking at his punches. O/C was spray and the Def. Momentarily went to the ground, then tried to jump up fighting again. One more baton strike was made to the right side (below shoulder) lower right quadrant. Handcuffing could now be accomplished. Affiant positively I.D. the def. As the one who committed the offense.
> Two page narrative report: At the above listed date and time(September 22, 2002), H/M Brito-Gutierrez, Biovani M was arrested for opposing a police officer and resisting arrest with out violence. \Defendant was severely intoxicated and had vomited all over himself. Lt. Marcotrigiano was on scene and authorized the release on no-signature only if Brito-Gutierrez left by ambulance for treatment due to his level of intoxication. Due to these circumstances no signature was available, however we did thumb print the Defendant. This should be a normal R.O.R. not a direct file. A court date was issued.

34. The police reports prepared by Defendant, OFFICER SEMENTILLI, for submission to prosecuting authorities contained materially false statements, insofar as the police reports prepared by Defendant, OFFICER SEMENTILLI, falsely alleged he was in the lawful execution of a legal duty, that he warned plaintiff to leave the area, that plaintiff refused to leave the area after being commanded by Defendant, that plaintiff assumed a fighting stance, threw punches at him, jumped up from the ground trying to fight him, attacked him, threatened him, obstructed or opposed him, that Defendant only swung his asp to deflect punches, that plaintiff was intoxicated, and that plaintiff vomited because he was intoxicated.

## COUNT I

### (Supplemental State False Arrest/False Imprisonment Claim Against Defendant CITY)

35. Plaintiff realleges and adopts, as if fully set forth herein, the allegations of paragraph 1 - 34.

36. Defendant OFFICER SEMENTILLI proximately caused plaintiff's arrest in the absence of probable cause that plaintiff committed a criminal offense and were taken in the absence of lawful authority which constitutes false arrest/false imprisonment of plaintiff under Florida law.

37. The false arrest/false imprisonment of plaintiff by Defendant OFFICER SEMENTILLI was committed by Defendant OFFICER SEMENTILLI in the course and scope of his employment as a police officer for Defendant CITY.

38. As a further direct and proximate result of the conduct of Defendant CITY plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, disability, disfigurement and expense of hospitalization, medical care, and treatment. Plaintiff's losses are either permanent or continuing and plaintiff will suffer the losses in the future, in violation of plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

## COUNT II

**(Supplemental False Arrest/False Imprisonment Claim Against Defendant OFFICER SEMENTILLI)**

39. Plaintiff realleges and adopts, as if fully set forth herein, the allegations of paragraph 1 - 34.

40. Defendant OFFICER SEMENTILLI proximatley caused plaintiff's arrest in the absence of probable cause that plaintiff committed a criminal offense and were taken in the absence of lawful authority which constitutes false arrest/false imprisonment of plaintiff under Florida law.

41. Alternatively to the allegations set forth in Count I, if the false arrest/false imprisonment by Defendant OFFICER SEMENTILLI was not committed during the course and cope of his employment for defendant CITY, or was committed by Defendant OFFICER SEMENTILLI in bad faith or with malicious purpose or in a manner exhibiting wanton and wilful disregard of human right, safety, or property, the false arrest/false imprisonment was committed by Defendant OFFICER SEMENTILLI in his individual capacity.

42. As a further direct and proximate result of the conduct of Defendant, OFFICER SEMENTILLI, plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, disability, disfigurement and expense of hospitalization, medical care, and treatment. Plaintiff's losses are either permanent or continuing and plaintiff will suffer the losses in the future, in violation of plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

## COUNT III

**(Supplemental State Malicious Prosecution Claim Against Defendant SEMENTILLI in His Individual Capacity)**

43. Plaintiff alleges paragraphs 1 through 34 as if fully set forth herein.

44. The Defendant, OFFICER SEMENTILLI, proximately caused criminal proceedings to be instituted against Plaintiff with malice in the absence of probable cause by causing police reports to be submitted to prosecution authorities containing materially false statements and material omissions, which reports were relied upon by prosecuting authorities in the filing of criminal charges against plaintiff. The prosecution of Plaintiff resulted in all charges being dismissed in a fashion that constituted a bona fide termination in his favor.

45. The actions of Defendant, OFFICER SEMENTILLI, were a direct and proximate cause of the injury to the Plaintiff. The acts were intentionally done and in violation of clearly established law and in reckless and callous disregard of Plaintiff's State and Federal rights.

46. Defendant, OFFICER SEMENTILLI'S, acts were done within the course and scope of his duties as an Office for the Tampa Police Department and under color of law.

47. As a result of the prosecution, the Plaintiff has suffered grievously, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, suffered the loss of liberty and freedom, mental anguish and emotional distress, loss of earnings, loss of capacity for the enjoyment of life and incurred attorney's fees in the defense of the charges commenced against him and plaintiff will suffer the losses in the future, in violation of the plaintiff's rights.

**WHEREFORE**, the Plaintiff demands judgment and damages against Defendant, OFFICER SEMENTILLI, individually, for malicious prosecution.

## COUNT IV

**(42 U.S.C. § 1983 Excessive Force Claim Against Defendant SEMENTILLI)**

48. All allegations of paragraphs 1 through 34 are re-alleged in full and adopted herein.

49. Defendant SEMENTILLI effected an unreasonable seizure of Plaintiff BRITO in that the force used was unreasonable and excessive, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and actionable through 42 U.S.C. § 1983.

50. As a result of Defendant SEMENTILLI's use of excessive force against Plaintiff he suffered serious physical and psychological injuries, including, but not limited to, bruising to his face and both arms, swelling to both arms and her right leg, abrasions to both legs, strains to both wrists and recurring mental suffering, humiliation, shame, public ridicule, and has been caused inconvenience, discomfort, recurring depression, and financial expense.

## COUNT V

**(Supplemental State Battery Against Tort Claim Against Defendant CITY)**

51. All allegations of paragraphs 1 through 34 are realleged in full and adopted herein.

52. Defendant SEMENTILLI battered Plaintiff BRITO, which is actionable against defendantCITY, in his official capacity, pursuant to § 768.28, Fla. Stat. (2003), as the actions were withing the course and scope of Defendant's employment as a police officer for the City of Tampa.

53. The amount of force used by Defendant OFFICER SEMENTILLI, toward plaintiff, as more fully set forth above, constitutes unnecessary force.

54. The amount of force used by Defendant OFFICER SEMENTILLI against plaintiff was unreasonable and unnecessary for Defendant OFFICER SEMENTILLI to defend himself, or any other person, from bodily harm during the arrest of plaintiff.

55. The unreasonable and unnecessary use of force by Defendant OFFICER SEMENTILLI, was excessive and objectively unreasonable under the circumstances, and resulted, as Defendant OFFICER SEMENTILLI, should have foreseen, in a harmful and offensive contact of plaintiff, against his will.

56. As a result of Defendant CITY's conduct, Plaintiff suffered serious physical and emotional injuries, including, but not limited to, physical injuries as outline above, recurring mental suffering, humiliation, shame, public ridicule, and has been caused inconvenience, discomfort, recurring depression, and financial expense.

## COUNT VI

**(Supplemental State Battery/Unnecessary Force Claim Against Tort Claim Against Defendant SEMENTILLI)**

57. All allegations of paragraphs 1 through 34 are realleged in full and adopted herein.

58. Defendant SEMENTILLI battered Plaintiff BRITO, and engaged in the unnecessary use of force against Plaintiff.

59. The amount of force used by Defendant OFFICER SEMENTILLI, toward plaintiff, as more fully set forth above, constitutes unnecessary force.

60. The amount of force used by Defendant OFFICER SEMENTILLI against plaintiff was unreasonable and unnecessary for Defendant OFFICER SEMENTILLI to defend himself, or any other person, from bodily harm during the arrest of plaintiff.

61. The unreasonable and unnecessary use of force by Defendant OFFICER SEMENTILLI, was excessive and objectively unreasonable under the circumstances, and resulted, as Defendant OFFICER SEMENTILLI, should have foreseen, in a harmful and offensive contact of plaintiff, against his will.

62. Alternatively to the allegations set forth in Count V, if the battery/unnecessary use of force by Defendant OFFICER SEMENTILLI was not committed during the course and cope of his employment for defendant CITY, or was committed by Defendant OFFICER SEMENTILLI in bad faith or with malicious purpose or in a manner exhibiting wanton and wilful disregard of human right, safety, or property, the batter/unnecessary use of force was committed by Defendant OFFICER SEMENTILLI in his individual capacity.

63. As a result of Defendant OFFICER SEMENTILLI's battery of Plaintiff BRITO, he suffered serious physical and emotional injuries, including, but not limited to, physical injuries as outline above, recurring mental suffering, humiliation, shame, public ridicule, and has been caused inconvenience, discomfort, recurring depression, and financial expense.

## DAMAGES

**WHEREFORE**, Plaintiff prays for judgment against Defendant, CITY OF TAMPA, a State of Florida Municipal Corporation and against Defendant, OFFICER RICARDO "RICK" SEMENTILLI, in his individual capacity. Plaintiff seeks the following relief for each count:

    A.    For compensatory damages, an amount to be determined at trial, against the Defendant, CITY, in his official capacity.

    B.    For compensatory damages, an amount to the determined at trial, against the Defendant, OFFICER SEMENTILLI, individually.

    C.    The compensatory damages requested above, include damages for physical pain and suffering, mental pain and suffering, costs incurred for criminal defense and fees, costs for medical care and physical pain in the past and continued into the future, and mental pain and suffering experienced in the past and continued into the future pursuant to proof at trial.

    D.    For punitive damages where appropriate and upon proffer against the individual Defendant, OFFICER SEMENTILLI..

    E.    Reasonable attorney's fees, pursuant to 42 U.S.C. Section 1988.

    F.    For costs incurred in pursuing this action.

    F.    For such other relief allowed by law including but not limited to interest.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated this 22nd day of September, 2006.

                                        MICHAEL P. MADDUX, P.A.

                                        Michael P. Maddux, Esquire
                                        Florida Bar Number: 964212
                                        Attorney for Plaintiff
                                        2102 West Cleveland Street
                                        Tampa, Florida 33606
                                        Phone: (813) 253-3363
                                        Facsimile: (813) 253-2553