# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**GIOVANI M. BRITO-GUTIERREZ,**

    **Plaintiff,**

v.                                                  Case No.  8:06-cv-1753-T-30EAJ

**CITY OF TAMPA, et al.,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Corporal Ricardo Sementilli (hereinafter "Defendant Sementilli) and Defendant City of Tampa's (hereinafter "Defendant City") Motions to Dismiss or in the Alternative Motion to Strike (Dkts. 9, 11) and Plaintiff's Response in Opposition to the same (Dkt. 14).

### **Motion to Dismiss Standard**

At the motion to dismiss stage, this Court must review the Complaint in the light most favorable to plaintiff and construe all allegations in the Complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F. 2d 1171 (11th Cir. 1993).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods De Centro America S.A. v. Latin America Agribusiness Development Corp., 711 F. 2d 989,

995 (11th Cir. 1983). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Management District v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

## DISCUSSION

Plaintiff has filed a six count Complaint alleging False Arrest/False Imprisonment (Counts I and II) as to both Defendants, Malicious Prosecution (Count III) against Defendant Sementilli, 42 U.S.C. § 1983 Excessive Force claim (Count IV) against Defendant City, Battery (Count V) against Defendant City, and Battery/Unnecessary Force (Count VI) against Defendant Sementilli resulting from injuries Plaintiff sustained when Defendant Sementilli allegedly beat and wrongfully arrested Plaintiff (Dkt. 1). Defendants have filed their Motions arguing that Plaintiff's Complaint violates Rule 8(e) of the Federal Rules of Civil Procedure, specifically that Plaintiff's Complaint does not contain a short plain statement of the claims against Defendants, but instead is replete with immaterial, argumentative, impertinent, scandalous and prejudicial allegations that should be either dismissed or the allegations stricken (Dkt. 9 at 6, Dkt. 11 at 3). In reviewing the Complaint, this Court disagrees.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Corporal Ricardo Sementilli's Motion to Dismiss or in the Alternative Motion to Strike (Dkt. 9) is **DENIED**.

2. Defendant City of Tampa's Motion to Dismiss or in the Alternative Motion to Strike (Dkt. 11) is **DENIED**.

3. Defendants have **twenty (20) days** from the date of this Order to file and serve Answers to Plaintiff's Complaint.

**DONE** and **ORDERED** in Tampa, Florida on December 29, 2006.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-1753 Motion to Dismiss.frm